UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAWRENCE RHODEN,
    Plaintiff,

vs.                                                                  05-1259

JOHN NAKASHIMA,
    Defendant.

ORDER

       This matter is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The plaintiff, Lawrence Rhoden, claims he is filing his lawsuit pursuant to the Americans with Disabilities Act (herein ADA). The plaintiff has named one defendant: Dietary Food Service Supervisor John Nakashima. The plaintiff says in March of 1999 he was assigned to work in the dietary department. The plaintiff says he informed Defendant Nakashima that he was a diabetic and had gout in both of his legs. The plaintiff says one leg is actually shorter than the other which causes him to walk with a limp and lose his balance.

       Nonetheless, the defendant told him he would not be treated differently than any other prisoner. The plaintiff was assigned to work on the serving line. The plaintiff says he had to stand for long periods of time which caused him pain and discomfort. The plaintiff complained about his assignment and asked for a different job. He was told to get back to work.

       The plaintiff says he again complained about the pain he was experiencing in April of 1999. This time he was told he would be reassigned, but was instead put on a different serving line doing the same work.

       The plaintiff says in July of 1999 he was reassigned to a cook position, but states he was still forced to stand for long periods of time. The plaintiff says he eventually took his complaints to the defendants supervisor. However, the plaintiff claims the defendant responded by retaliating against him and in March of 2000, he assigned the plaintiff to unload heavy materials and walk with the unloaded materials to the kitchen. The plaintiff also said he was asked to lift heavy machinery and was threatened with punitive segregation if he failed to comply.

       The plaintiff states that he is bringing his claims pursuant to the ADA. However, it is clear from his statement of claims that he was also intending to bring his claims pursuant to 42

U.S.C. §1983.  The plaintiff claims the actions of Defendant Nakashima violated his Eighth Amendment and Fourteenth Amendment rights.  These are not violations of the ADA, but allege violations of §1983.   The plaintiff also makes a vague reference to violations of the ADA.

The plaintiff has failed to state a claim upon which relief can be granted. Any claims that the defendant violated his constitutional rights are barred by the statute of limitations period.  The statute of limitations that applies to the plaintiffs' claim is the two-year Illinois statute governing tort cases, 735 ILCS 5/13-202.  *See* <u>Lucien v. Jockisch</u>, 133 F. 3d 464, 466 (7th Cir. 1998); *See also* <u>Heard v. Sheahan</u>, 253 F.3d 316, 317-318 (2001).  The statute of limitations period begins at the time "when the plaintiff knows or should know that his or her constitutional rights have been violated." <u>Wilson v. Giesen</u>, 956 F.2d 738, 740 (7th Cir. 1992).  The plaintiff first began having problems with the defendant in 1999, and the last of the problems mentioned in his complaint occurred in 2000.   The plaintiff did not file this complaint until September 6, 2005.  The plaintiff's claims are therefore barred.

It is not clear that the plaintiff has stated a claim under the ADA.  However, before the court considers the merits of this claim, the court will ask the plaintiff to provide some evidence that he has exhausted his administrative remedies.  The court notes that this is the third time the plaintiff has filed this claim against the defendant.[1]  In the previous cases, the plaintiff was unable to demonstrate that he had exhausted his administrative remedies.  Since the incidents in the complaint are now more than five years old, it is doubtful the plaintiff can now demonstrate exhaustion.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's claims that the defendant violated his constitutional rights are barred by the statute of limitations.**

**2) The plaintiff must inform the court of what steps he has taken to exhaust his administrative remedies for his claim that the plaintiff violated his rights pursuant to the Americans with Disabilities Act.  The plaintiff must provide this information to the court within fourteen days.  Failure to provide the information within the required time frame will result in the dismissal of the plaintiff's lawsuit.**

Entered this 13th day of October, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] *See Rhoden v. Nakashima*, 00-cv-1225 and *Rhoden v. Nakashima*, 03-1011.

1:05-cv-01259-HAB-JAG   # 8   Page 3 of 3