UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAWRENCE RHODEN,
    Plaintiff,

vs.                                                   05-1259

JOHN NAKASHIMA,
    Defendant.

### ORDER

This matter is before the court for case management. The plaintiff, Lawrence Rhoden, originally claimed he was filing his lawsuit pursuant to the Americans with Disabilities Act (herein ADA), but his complaint also made allegations pursuant to 42 U.S.C. §1983.

The court conducted a merit review and found that any claims pursuant to §1983 were barred by the statute of limitations. *See* October 13, 2006 Court Order. The court also asked the plaintiff to provide some evidence that he had exhausted his administrative remedies for a claim pursuant to the ADA. The court noted that this was the third time the plaintiff had filed this claim against the defendant.[1] In the previous cases, the plaintiff was unable to demonstrate that he had exhausted his administrative remedies. Since the incidents in the complaint are now more than five years old, it was doubtful the plaintiff could now demonstrate exhaustion.

The plaintiff has filed a response, but has failed to provide proof that he exhausted his administrative remedies for an ADA claim. The plaintiff's complaint is therefore dismissed.

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in its entirety for failure to exhaust administrative remedies. In addition, the plaintiff's claims are barred by the two year statute of limitations period.**

**2) The agency having custody of the plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

---

[1] *See Rhoden v. Nakashima*, 00-cv-1225 and *Rhoden v. Nakashima*, 03-1011.

**3) The plaintiff is responsible for ensuring the $250.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**4)  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this _25th___ day of September, 2006.

s\\**Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE